UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS A. ALTVATER, | ) |
| | ) |
| Plaintiff, | )   **Docket No.** |
| | ) |
| v. | ) |
| | ) **PLAINTIFF DEMANDS A JURY** |
| ACADIAN SEAPLANTS, LTD., | ) **TRIAL** |
| | ) |
| Defendant. | ) **SEAMAN'S ACTIONS FOR** |
| | ) **PERSONAL INJURY UNDER** |
| | ) **THE JONES ACT** |

## COMPLAINT

NOW COMES Plaintiff, Thomas A. Altvater, by and through his counsel Thompson Bowie & Hatch, LLC, and as for his Complaint against Defendant, Acadian Seaplants, Ltd., alleges as follows:

## PARTIES

1. Plaintiff Thomas A. Altvater is and has been a resident of Perry, County of Washington, State of Maine, at all relevant times pertaining to the facts of this lawsuit.

2. Defendant Acadian Seaplants, Ltd. ("Acadian" or "Defendant"), is, upon information and belief, a Canadian corporation based in Dartmouth, Nova Scotia, authorized to do business in the United States and the State of Maine.

3. Defendant has owned and / or operated a vessel or fleet of vessels in the waters of the State of Maine at all times relevant hereto, including on or about July 30, 2020, when Plaintiff was operating one of Defendant's vessels.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to the admiralty or maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333, and pursuant to the Jones Act, 46 U.S.C. §§ 30104, *et seq.*, given Plaintiff's status as a Jones Act Seaman and that all material facts of this case occurred within this District.

5. Venue is proper in this District pursuant to the Jones Act, 46 U.S.C. §§ 30104, *et seq.*, and incorporating 46 U.S.C. § 56, in that at all times relevant hereto the Defendant was doing business within this District and / or that Defendant has consented to be sued in this District.

6. At all times relevant hereto, Plaintiff was a Jones Act seaman employed by Defendant to harvest seaweed.

7. At all times relevant hereto, Plaintiff was operating a vessel owned by Defendant upon the navigable waters of the State of Maine and the United States.

## FACTS

8. Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through Paragraph 7 above as if fully set forth herein.

9. Defendant is, at least in part, in the business of harvesting and processing seaweed in the waters of the State of Maine and / or the Gulf of Maine.

10. On or about July 30, 2020, Plaintiff was operating a vessel owned by Defendant in the vicinity of Lubec, Maine, returning from a seaweed harvest as part of his duties as an employee of Defendant.

11. Plaintiff was a Jones Act Seaman at all times relevant hereto given his duties working on Defendant's vessels harvesting seaweed in the coastal waters of the State of Maine and the Gulf of Maine.

12. On July 30, 2020, as Plaintiff was operating the vessel and after unloading his seaweed harvest, he was rammed by another vessel being operated by another employee of Defendant, Joseph Marzoll – in a deliberate and / or negligent manner.

13. As a result of the foregoing, and through no fault of his own, Plaintiff sustained severe and permanent personal injuries to his neck, back, and lower limbs, causing pain, suffering and emotional distress, and for a time he was prevented from attending his daily labors, thereby losing sums of money that he otherwise would have earned as wages, all as a direct and proximate result of the actions of Defendant's employee, Mr. Marzoll.

14. Plaintiff has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, without assistance from Defendant, and continues to endure pain and suffering and continuing expenses all to his detriment, hurt, and damage.

## COUNT I
## JONES ACT NEGLIGENCE

15. Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through Paragraph 14 as if fully set forth herein.

16. At the time of his injuries, Plaintiff was a crewmember onboard Defendant's vessel and met the requirement for status as a Jones Act seaman.

17. As Defendant was Plaintiff's employer at the time of his injuries, Defendant is a proper defendant to a Jones Act claim for negligence. 46 U.S.C. § 30104.

18. As described above, the injuries and damages suffered by Plaintiff were caused by negligence on the part of Defendant in at least the following particulars: as the employer of Mr.

Marzoll and therefore responsible for his actions; failing to supervise employees; failure to use or implement safer methods for operation of the vessels; failing to have adequate personnel onboard the boat to safely; and failing to instruct crew on safe procedures for operating the vessels.

19. Furthermore, the negligence of Defendant can be imputed from the negligent acts or omissions of its agent(s).

20. As the proximate result of any or all of the foregoing negligent acts and omissions, Plaintiff suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Thomas A. Altvater demands judgment against Defendant in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, attorneys' fees, post-judgment interests, and costs.

## COUNT II:
## UNSEAWORTHINESS

21. Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through Paragraph 20 above as if fully set forth herein.

22. Defendant, as owner of the Vessel, owes a non-delegable duty of providing a reasonably safe vessel to all crewmembers.

23. As described above, the injuries and damages suffered by Plaintiff are the result of an unseaworthy condition of the vessel or vessels owned and operated by Defendant in at least the following particulars: failing to provide a safe workspace; failing to provide proper safety equipment and procedures to prevent injury; failing to have adequate personnel onboard the boat to safely operate the vessels; and failing to instruct crew on safe procedures for operating the vessels.

24. As the proximate result of any or all of the foregoing unseaworthy conditions, Plaintiff suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Thomas A. Altvater demands judgment against Defendant in a fair and reasonable amount given the above-described injuries and damages along with attorneys' fees, pre-judgment interest, post-judgment interests, and costs.

## COUNT III:
## MAINTENANCE & CURE

25. Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through Paragraph 24 above as if fully set forth herein.

26. At the time of the above-described injuries suffered by Plaintiff, Plaintiff was employed by Defendant as a crewmember aboard Defendant's vessel.

27. As a result of the above-described injuries suffered by Plaintiff, he is entitled to maintenance at a reasonable daily rate and cure until he reaches the point of maximum medical improvement. *Ferrara v. A. & V. Fishing, Inc.*, 99 F.3d 449, 454 (1st Cir. 1996).

WHEREFORE, Plaintiff Thomas A. Altvater demands judgment against Defendant in a fair and reasonable amount to pay maintenance and cure owing at the time of trial, together with his attorneys' fees, interest and costs.

## COUNT IV:
## PUNITIVE DAMAGES FOR FAILURE TO PAY MAINTENANCE & CURE

28. Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through Paragraph 27 above as if fully set forth herein

29. At the time of the above-described injuries suffered by Plaintiff, Plaintiff was employed by Defendant as a crewmember aboard Defendant's vessel.

30. Plaintiff has incurred daily living expenses in an amount to be determined at trial for which he is entitled under the Jones Act.

31. Plaintiff has incurred medical expenses in an amount to be determined at trial for which he is entitled to be paid under the Jones Act.

32. From the date of the deliberate and / or negligent acts of Defendant, July 30, 2020, through today, Defendant has failed to pay Plaintiff's daily expenses ("maintenance") and medical treatment ("cure") and is liable thereto. *Sullivan v. Tropical Tuna*, 963 F. Supp. 42 (D. Mass. 1997); *Williams v. Maersk Line, Ltd.*, 450 F. Supp. 3d 242, 258 (E.D.N.Y. 2020)

WHEREFORE, Plaintiff Thomas A. Altvater demands judgment against Defendant in a fair and reasonable amount for punitive damages against Defendant for Defendant's failure to pay maintenance and cure, including attorneys' fees.

## COUNT V:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through Paragraph 32 above as if fully set forth herein.

34. Defendant, as owner and operator of the Vessel, owed a duty of due care to Plaintiff to provide a reasonably safe vessel and reasonably safe working conditions.

35. Defendant breached its duty of due care to Plaintiff by failing to exercise reasonable care for Plaintiff's safety and well being.

36. Defendant breached its duty of due care to Plaintiff by failing to exercise reasonable care for supervising its employee / agent Joseph Marzoll.

37. Defendant breached its duty of due care to Plaintiff by failing to exercise reasonable care for the reckless and negligent acts of its employee / agent Joseph Marzoll.

38. Defendant breached its duty of care to Plaintiff by causing Plaintiff to suffer physical and emotional distress as a direct and proximate result of Defendant's and its employee's deliberate and negligent acts.

39. As a direct, foreseeable, and proximate result of Defendants' negligence, Plaintiff reasonably feared for his life and incurred damages, including but not limited to, emotional distress and mental anguish.

40. For the reasons set forth above, Defendant is liable to Plaintiff in an amount to be shown at trial, plus interests and costs, and such other damages that will be fully determined during discovery and at trial. *Sawyer Bros., Inc. v. Island Transporter, LLC*, 887 F.3d 23 (1st Cir. 2018).

WHEREFORE, Plaintiff Thomas A. Altvater demands judgment against Defendant in a fair and reasonable amount given the above-described injuries and damages along with attorneys' fees, pre-judgment interest, post-judgment interests, and costs.

### Jury Trial Demand

Plaintiff demands trial by jury of all counts of this Complaint. 46 U.S.C. § 30104.

DATED at Portland, Maine this 6th day of January, 2023.

**Plaintiff Thomas A. Altvater**
By his attorneys,

*/s/ Twain Braden*
Twain Braden, Esq.

**THOMPSON BOWIE & HATCH, LLC**
415 Congress St.; P.O. Box 4630
Portland, Maine 04112-4630
(207) 774-2500
tbraden@thompsonbowie.com